Shawe v Elting (2019 NY Slip Op 01374)





Shawe v Elting


2019 NY Slip Op 01374


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8532 155890/14

[*1]Philip R. Shawe, Plaintiff-Respondent,
v
Elizabeth Elting, Defendant-Appellant.


Gerald B. Lefcourt, P.C., New York (Gerald B. Lefcourt of counsel), for appellant.
The Edelstein, Faegenburg & Brown, New York (Glenn K. Faegenburg of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 21, 2017, which to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss this action pursuant to CPLR 3103 and 3126, unanimously reversed, on the facts and in the exercise of discretion, with costs, and the complaint dismissed with prejudice. The Clerk is directed to enter judgment accordingly.
This action, wherein plaintiff seeks damages for personal injuries allegedly sustained during a physical altercation with defendant, stems from three related actions in the Delaware Court of Chancery, which were joined for trial and disposition. In the post trial decision, the Delaware court found that plaintiff had engaged in "deplorable" misconduct by, inter alia, improperly accessing approximately 12,000 of defendant's privileged attorney/client communications, intercepting defendant's mail, which included communications with her attorney (including communications related to this action), deleting relevant documents and lying under oath about his conduct (In re Shawe v Elting LLC , 2015 WL 4874733 at *12-14 [Del Ch 2015]). Additionally, after a hearing, the Chancellor issued a decision sanctioning plaintiff over $7 million dollars for engaging in egregious litigation misconduct (In re Shawe v Elting LLC , 2016 WL 3951339 [Del Ch 2016]). In affirming the post-trial decision, the Delaware Supreme Court recounted "some of the highlights" of plaintiff's malfeasance (Shawe v Elting , 157 A3d 152, 156-157 [Del 2017]).
Plaintiff is collaterally estopped from re-litigating the issue of whether he had improperly accessed defendant's privileged information and whether he has destroyed documents. This issue was litigated on the merits during the trial in the Delaware action, and it is not disputed that the action was between the same parties and that plaintiff had a full and fair opportunity to defend against the allegations of misconduct (see Betts v Townsends, Inc. , 765 A2d 531, 535 [Del 2000]; Kaufman v Eli Lilly & Co. , 65 NY2d 449, 455 [1985]).
Plaintiff's improper and willful access of defendant's privileged communications and spoliation of evidence supports dismissal of his claims in this action (CPLR 3103[c]; CPLR 3126[3]; Lipin v Bender , 84 NY2d 562 [1994] [dismissing the plaintiff's complaint because her improper taking of the defendant's attorney/client documents and work product caused prejudice to the defendant and irreparably tainted the litigation process]). Among the materials improperly accessed here was a privileged memorandum from defendant's counsel about his strategy concerning the incident underlying this action. Further, plaintiff's counsel referred to the contents of some of the privileged communications during motion practice in this litigation. Since "[p]laintiff's knowledge . . . can never be purged," and he would "carry [that knowledge] into any new attorney-client relationship," we find that dismissal of the complaint is "the only [*2]practicable remedy here" (Lipin , 84 NY2d at 572, 573).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK